# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MARK PHILLIPS, Register No. 282013, )
DAVID MC CLAIN, )
ANSUR P. ADAMS, Register No. 83865, )
                                            )
                 Plaintiffs, )
                                            )
                     v. )                No. 08-4253-CV-C-NKL
                                            )
BOONE COUNTY JAIL, et al., )
                                            )
                 Defendants. )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiffs Mark Phillips, David McClain and Ansur P. Adams, while confined at the Boone County Detention Center, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Plaintiffs name as defendants numerous Boone County Jail personnel.

      Plaintiffs allege defendants served them and other "non-pork" inmates pork on their meal trays. Plaintiffs allege this violated their constitutional rights because defendants were aware that they and the other inmates do not eat pork because of their religious beliefs. Plaintiffs also allege they were disciplined for complaining about the issue.

      Plaintiff Phillips[2] has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed his inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2] Although plaintiffs Ansur Adams and David McClain signed the complaint with plaintiff Phillips, they have failed to submit the required affidavits in support of proceeding in forma pauperis.

fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiffs' claims should be dismissed for failure to state a claim on which relief may be granted. In order to present a valid claim under the First Amendment regarding the free exercise of religion, plaintiffs have the burden of establishing that defendants' actions substantially burdened plaintiffs' sincerely held religious belief. Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997). In the instant case, plaintiffs' allegation that on one occasion they were improperly served a meal tray with pork on it cannot support a claim that defendants' actions have substantially burdened plaintiffs' exercise of religion.

Further, plaintiff Phillips' grievance documents submitted with the complaint clearly indicate that not only was this a one-time incident, but was accidental, and defendants offered their apologies.

Moreover, the grievance documents related to the September 21, 2008 incident show that plaintiff Phillips was not disciplined for refusing a food tray with pork on it, but was disciplined for his behavior regarding the incident, and was cited for creating a disturbance. Thus, although Muslim inmates have the right to avoid contact with pork or any food that has been contaminated with pork, Hayes v. Long, 72 F.3d 70, 74 (8th Cir. 1995), plaintiffs' claims of a one-time incident of receiving a meal tray with pork on it, under these circumstances, cannot support a claim that defendants violated plaintiffs' constitutional rights.

Plaintiffs' complaint should be dismissed because they have failed to state a claim under 42 U.S.C. § 1983. Plaintiffs are warned that if this case is dismissed as recommended, it will count against them for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

It has come to the court's attention that plaintiffs McClain and Adams are no longer incarcerated at Boone County Jail. Plaintiffs are directed to send to the court their respective

addresses. If plaintiffs do not comply with this order, their claims may be dismissed under the provisions of Fed. R. Civ. P. 41(b).

IT IS, THEREFORE, ORDERED that within twenty days, plaintiffs McClain and Adams provide the court with their respective addresses. It is further

ORDERED that plaintiff Phillips is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiffs' claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff Phillips leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 13th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge